Mark DEMOS, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

Mark Demos, Petitioner,

v.

Alberto R. Gonzales, Attorney General, Respondent.

Nos. 04–71523, 05–75384.

United States Court of Appeals, Ninth Circuit.

Argued & Submission Deferred July 27, 2006.*

Submitted Dec. 22, 2006.

Filed Jan. 5, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert Houston Pauw, Esq., Gibbs Houston Pauw, Seattle, WA, for Petitioner.

Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Immigration And Naturalization Service Office Of The District Counsel, Seattle, WA, Mark C. Walters, Esq., Anh–Thu P. Mai, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, WARDLAW, and FISHER, Circuit Judges.

MEMORANDUM **

Demos first argues that the Board violated due process by failing to inform him that, in the event he changed his address during the pendency of his appeal to the Board, he was required to complete and submit to the Board a form giving notice of the change. We review Demos's argument of a due process violation de novo. *Khup v. Ashcroft,* 376 F.3d 898, 902 (9th Cir.2004).

Here, the Immigration Judge ordered Demos excluded on September 26, 1994. Demos appealed the exclusion order to the Board, which dismissed the appeal on February 7, 2000. More than three years later, Demos filed a motion to reopen and reissue the decision. He attached to the motion a declaration indicating that "[f]rom about the end of 1998 until April 2000" he maintained an address on Redmond Way in Redmond, Washington; that in April 2000 he moved to another address in Redmond; that from the time he filed his appeal to the Board until his detainment on September 30, 2003, he reported his current address on employment and travel authorization forms that he submitted to the former Immigration and Naturalization Service; and, finally, that as of October 20, 2003, he had "not received written notice" of the Board's February 2000 decision. He included with his motion a document the Government has characterized as a copy of the "cover letter" that accompanied the mailing of the February 2000 decision to Demos. The cover letter is dated February 7, 2000, and shows Demos's Redmond Way address.

Ultimately, the Board deemed Demos's motion "a motion to reissue" and denied

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the motion on the basis that "the record reflects that [the February 2000] decision was correctly mailed to [Demos]." Demos now asserts that he became aware of the February 2000 decision upon his September 2003 detainment. He further asserts that as a result of his failure to receive notice of the decision, he may have lost his right to file a timely motion to reopen or appeal.

■ We presume that the decision was mailed to the Redmond Way address on February 7, 2000. *See Singh v. Gonzales,* 469 F.3d 863, 870 (9th Cir.2006) (holding that the petitioner's "affidavits alleging nonreceipt and implying nonmailing are insufficient to overcome the [Board]'s factual finding—based on the transmittal sheet's evidence of mailing—that the decision was properly mailed"). According to Demos's declaration, the Redwood Way address was in fact his address on the date of mailing and for more than a month thereafter. Assuming, then, that the Board erred by failing to inform Demos of the requirement that he file a change-of-address form in the event he moved, this error would not have resulted in the Board mailing the February 2000 decision to an address other than the one to which it actually mailed the decision. Demos would therefore not be in any better position to file a timely motion to reopen or appeal. Because he has failed to show "that the outcome of the proceeding may have been affected by the alleged violation," *Tawadrus v. Ashcroft,* 364 F.3d 1099, 1105 (9th Cir.2004) (internal quotations and citation omitted), we reject Demos's due process argument.

■ Demos next argues that the Board abused its discretion by refusing to reopen and reissue the February 2000 decision. Demos's argument is premised on his allegation of nonreceipt of the decision. To the extent Demos challenges the Board's failure to exercise its discretionary authority to reopen his proceedings sua sponte, we lack jurisdiction to review such a challenge. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002). In *Singh,* however, we exercised jurisdiction over a challenge to a Board order denying a motion to reissue a decision where the motion implicated an alleged failure of service. *See Singh,* 469 F.3d at 865. We rejected the challenge on the merits. *See id.* at 866. We do so again here.

PETITION FOR REVIEW DENIED. Demos's motion to hold these cases in abeyance is DENIED without prejudice to Demos seeking a stay of our mandate.